Joshua L. Shepherd
Texas State Bar No. 24058104
jshepherd@qslwm.com
Quilling, Selander, Lownds, Winslett & Moser, P.C.
2001 Bryan Street, Suite 1800
Dallas, Texas 75201
(214) 871-2100 – Telephone
(214) 871-2111 – Facsimile

ATTORNEYS FOR FROST BANK

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| IN RE: § <br> § <br> WELLFLEX ENERGY PARTNERS § <br> FORT WORTH, LLC, § <br> § <br> § <br> DEBTOR. § | CASE NO. 20-43267-elm11 |

**FROST BANK'S OBJECTION TO DEBTOR'S SALE MOTION**
[Relates to Docket Nos. 13 and 46]

TO THE HONORABLE EDWARD L. MORRIS,
UNITED STATES BANKRUPTCY JUDGE:

COMES NOW Frost Bank ("Frost"), a creditor and party in interest in the above-styled and numbered bankruptcy case, and files this *Objection* ("Objection") to the *Motion for Authority to (I) Sell Substantially All of the Debtor's Assets Free and Clear of All Liens, Claims, Encumbrances, and Interests, (II) Assume and Assign Certain Executory Contracts in Connection with the Sale, and (III) Provide the Proposed Purchaser with a Topping Fee* [Dkt. No. 13] (the "Sale Motion") filed by debtor Wellflex Energy Partners Fort Worth, LLC (the "Debtor"). In support hereof, Frost would respectfully show the Court as follows:

**I. FACTUAL AND PROCEDURAL BACKGROUND**

1. On October 22, 2020 (the "Petition Date"), the Debtor filed a voluntary petition in this Court for relief under chapter 11 of the United States Bankruptcy Code, 11 U.S.C. §§ 101 *et*

*seq.* (the "Bankruptcy Code").

2. In addition to instigating the instant bankruptcy case, on the Petition Date, the Debtor also filed the Sale Motion. Through the Sale Motion, the Debtor seeks an Order from this Court "authorizing the sale of substantially all of the Debtor's assets free and clear of liens, claims, encumbrances, and interests" (the "Proposed Sale") to PetroSmith Equipment, LP (the "Buyer"). *See* Sale Motion, page 2.

3. The Debtor is indebted to Frost, and ultimately the United States Small Business Administration (the "SBA"), pursuant to a loan made to the Debtor under the terms and conditions of the Paycheck Protection Program of the SBA and the CARES Act (2020)[1] (the "PPP Loan"). The PPP Loan is evidenced by (i) a *Paycheck Protection Program Promissory Note* with an effective date of April 5, 2020, executed by Debtor and payable to the order of Frost, as the "PPP Lender", in the original principal amount of $2,501,500.00 (the "PPP Note"); and (ii) a *Disbursement Request and Authorization* of that same date (the "DRA"). True and correct copies of the PPP Note and the DRA, redacted to comply with Rule 9037 of the Federal Rules of Bankruptcy Procedure, are attached hereto and incorporated herein by reference, respectively, as **Exhibit "A"** and **Exhibit "B"**.

4. As of the Petition Date, the Debtor owed an outstanding balance to Frost (and the SBA) under the PPP Loan in the total amount of $2,514,521.51.

5. Effective October 2, 2020, and thus pre-petition, the SBA issued its *SBA Procedural Notice, Control No.: 5000-20057* (the "SBA Notice"). A true and correct copy of the SBA Notice is attached hereto as **Exhibit "C"**. The SBA Notice is currently in effect and delineates the SBA's "…required procedures for changes of ownership of an entity that has

---

[1] H.R. 748. 15 U.S.C. §§ 636, *et seq.*

received Paycheck Protection Program (PPP) funds (a "PPP borrower")." *See* Exhibit "C", page 1. For purposes of the SBA Notice, a "change of ownership" "…will be considered to have occurred when…(2) the PPP borrower sells or otherwise transfers at least 50 percent of its assets (measured by fair market value), whether in one or more transactions…". *See* Exhibit "C", page 1. The SBA Notice does not relieve a PPP borrower of its required procedures upon the filing of a bankruptcy proceeding; indeed, the SBA Notice contains no reference to bankruptcy.

## II. OBJECTION

6. Frost objects to the Sale Motion as the Proposed Sale is subject to the SBA Notice, yet the Debtor is failing to comply with the requirements of that Notice. After disclosing that the Debtor sold both of its real property facilities and its vehicles pre-petition, the Sale Motion requests approval of a sale of substantially all of the Debtor's remaining assets. This Proposed Sale alone, and especially when combined with the Debtor's pre-petition sales of property, constitutes a "change of ownership" as defined within the SBA Notice. *See* Exhibit "C", page 1, footnote 1.

7. Under the SBA Notice, there are no restrictions on a "change of ownership" if, prior to the closing of the sale, the PPP Loan has been paid in full. Exhibit "C", page 2, para. 1. Alternatively, if the PPP Loan is not satisfied in full prior to the sale closing, the Debtor may still comply with the SBA Notice so long as it

> …completes a forgiveness application reflecting its use of all of the PPP loan proceeds and submits it, together with any required supporting documentation, to the PPP Lender, and an interest-bearing escrow account controlled by the PPP Lender is established with funds equal to the outstanding balance of the PPP loan.

Exhibit "C", page 3, para. 2(a)(ii).

8. If the PPP Loan is not first paid in full, and in the absence of either the forgiveness application *or* the escrow of funds as outlined above, "prior SBA approval of the change of ownership is required and the PPP Lender may not unilaterally approve the change of ownership."

Exhibit "C", page 3, para. 2(b). In furtherance of the SBA's review and approval of the change of ownership, among other information, the Debtor is responsible for providing (i) "disclosure of whether the buyer has an existing PPP loan and, if so, the SBA loan number;" and (ii) "a list of all owners of 20 percent of more of the purchasing entity" (collectively, the "Buyer Information"). *See* Exhibit "C", page 2, and 4, para. 2(b)(v) and (vi).

9. In the instant case, the Debtor has failed to satisfy any one of the foregoing requirements of the SBA Notice and has failed to provide the Buyer Information. The Debtor's failure to comply with the SBA Notice and obtain the requisite approve for the Proposed Sale may result in the SBA's refusal to forgive the over $2.5 million PPP Loan. As a Debtor in Possession, the Debtor has a fiduciary obligation to its creditors to do everything in its power to obtain forgiveness of the PPP Loan, and thus, reduce the total unsecured creditors' pool. Knowingly disregarding the requirements of the SBA Notice runs afoul of this fiduciary duty.

10. Frost, therefore, must object to the Sale Motion and the Proposed Sale until the Debtor complies with its obligations for approval of the Proposed Sale under the SBA Notice, and such approval is obtained from the SBA. *See* Exhibit "C", page 3, para. 2(b) ("…the PPP Lender may not unilaterally approve the change of ownership."). To this end, Frost additionally respectfully requests that the Debtor, or PetroSmith, be required to provide the Buyer Information to Frost.

### III. JOINDER

11. To the extent not inconsistent with the foregoing, Frost joins in any additional objections to the Sale Motion which may be filed by the SBA or any other creditors or parties-in-interest.

## IV.  PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Frost requests that the Court sustain this Objection, deny Debtor's Sale Motion and the relief requested therein, order the Debtor and PetroSmith to disclose the Buyer Information to Frost, and award Frost such further relief, general or special, at law or in equity, to which Frost may show itself justly entitled.

Respectfully Submitted,

**QUILLING, SELANDER, LOWNDS,
  WINSLETT & MOSER, P.C.**
2001 Bryan Street, Suite 1800
Dallas, Texas 75201
(214) 871-2100 (Telephone)
(214) 871-2111 (Fax)

By:  */s/ Joshua L. Shepherd*
   Michael J. Quilling
   Texas Bar No. 16432300
   Joshua L. Shepherd
   Texas Bar No. 24058104

ATTORNEYS FOR FROST BANK

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on November 11, 2020, a true and correct copy of the foregoing document was served by electronic transmission via the Court's CM/ECF system upon all parties registered to receive electronic notice in this bankruptcy case, including the Debtor and PetroSmith Equipment, LP, through their respective counsel as listed below. A true and correct copy of the foregoing document was also served by email and first class mail, postage prepaid, upon the SBA, as listed below.

Stephen A. McCartin (TX 13374700)
Mark C. Moore (TX 24074751)
Emily Shanks (TX 24110350)
**FOLEY GARDERE**
**Foley & Lardner LLP**
2021 McKinney Avenue, Suite 1600
Dallas, TX 75201
Telephone: (214) 999-3000
Facsimile: (214) 999-4667
smccartin@foley.com
mmoore@foley.com
eshanks@foley.com

PROPOSED COUNSEL TO DEBTOR AND DEBTOR-IN-POSSESSION

Brent R. McIlwain (TX 24013140)
Brian J. Smith (TX 24066101)
**Holland & Knight LLP**
200 Crescent Court, Ste. 1600
Dallas, TX 75201
Tel.: (214) 964-9500
Fax (214) 964-9501
brent.mcilwain@hklaw.com
brian.smith@hklaw.com

COUNSEL TO PETROSMITH EQUIPMENT, LP

Commercial Loan Service Center – Little Rock
US Small Business Administration
2120 Riverfront Drive, Suite 100
Little Rock, AR 72202-1794
LRSC.Servicing@sba.gov

SMALL BUSINESS ADMINISTRATION ("SBA")

                                /s/ Joshua L. Shepherd
                                Joshua L. Shepherd