United States Department of Justice
Office of the United States Trustee
1100 Commerce St. Room 976
Dallas, Texas 75242

Erin Marie Schmidt,
for the United States Trustee

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## FORT WORTH DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| Wellflex Energy Partners Fort Worth, LLC, | § | Case No. 20-43267-ELM-11 |
| | § | |
| | § | Hearing: November 16, 2020 |
| Debtor-in-Possession. | § | at 9:30 am |

**United States Trustee's Objection to Motion for Interim and Final Orders (I) Authorizing the Debtor to Use Cash Collateral, (II) Granting Adequate Protection to Prepetition Secured Lenders, and (III) Scheduling a Final Hearing Pursuant to Bankruptcy Rule 4001(B)**
[docket no. 8]

**TO THE HONORABLE EDWARD LEE MORRIS,
UNITED STATES BANKRUPTCY JUDGE:**

William T. Neary, the United States Trustee for Region 6 ("United States Trustee"), objects to Debtor's *Motion for Interim and Final Orders (I) Authorizing the Debtor to Use Cash Collateral, (II) Granting Adequate Protection to Prepetition Secured Lenders, and (III) Scheduling a Final Hearing Pursuant to Bankruptcy Rule 4001(b)"* ("Motion"). [docket no. 8]. The United States Trustee would respectfully show:

## Summary

Debtors seek entry of a final order providing both for the use of cash collateral that is subject to liens held by Simmons Bank ("First Priority Lender"). The United States Trustee objects for the following reasons:

- The First Priority Lender is granted liens over the proceeds of any Chapter 5 causes of action.

- Time period for Debtor and any statutory committee to challenge Lender's prepetition liens and indebtedness is too short.

- Third parties would be bound by Debtor's stipulations and releases after the 60 day challenge period expires.

- The Final Order provides that Lender would not be subject to any surcharge claims under 11 U.S.C. § 506(c).

- Third parties are enjoined from enforcing any marshaling provisions against Lender.

- The Final Order provides that the First Priority Lender is not a person in control or otherwise acting as a responsible person.

**Background**

1. On October 22, 2020 ("Petition Date"), Wellflex Energy Partners Fort Worth, LLC ("Debtor") filed its voluntary chapter 11 petition in the United States Bankruptcy Court for the Northern District of Texas, commencing case number 20-43267-ELM-11.

2. No official committee of unsecured creditors has been appointed in this case.

3. On the Petition Date, Debtor filed its Motion seeking authority to use the cash collateral belonging to both prepetition secured lender Simmons Bank ("First Priority Lender"), which asserts a first priority lien, and two other secured creditors whose liens are subordinated to Simmons Bank's (collectively, "Secured Lenders").

4. On October 29, 2020, the Bankruptcy Court entered an interim order approving the use of cash collateral ("Interim Order"). [docket no. 48].

**Objection**

Chapter 5 causes of action not carved out of cash collateral

5.     The United States Trustee objects to any provisions providing for liens on chapter 5 causes of action. Chapter 5 causes of action do not appear to be carved out from the definition of collateral in the Interim Order. Parties have not had a chance to review these potential causes of action since Debtors' schedules and SOFAs have not yet been filed. These proceeds may be the only source of recovery for Debtor's general unsecured creditors.

Debtor's stipulations binding on third parties after challenge period expires

6.     The Interim Order provides that, upon entry of a final order and subject to a challenge period which expires 60 days after entry of the Interim Order, Debtor's stipulations with the Primary Secured Lender will bind third parties. Interim Order at ¶¶ 28 and 32.

7.     Any final order should include provisions providing for the reasonable extension of any challenge period by any interested party who evidences due diligence in investigating the Primary Secured Lender's prepetition indebtedness and liens. Similarly, if the United States Trustee is able to form a statutory committee in this case, such committee should be able to perform a similar investigation under sufficient time constraints. Balancing the needs of the parties, one possible solution to provide any statutory committee at least 60 days from the date of appointment to investigate the Secured Lenders' claims and liens, but for this period to expire if no committee is appointed within 120 days of entry of the Interim Order.

8.     Any final orders should also include a provision allowing the Court to raise the limit on a statutory committee's attorney's fees and expenses for investigating such prepetition indebtedness and liens.

<u>Final Order waives parties' rights to assert "equity of the case" claim under § 552(b)</u>

9.     Interim Order ¶ 23 provides that, subject to entry of a final order, "no person may assert an 'equities of the case claim under [11 U.S.C. § 552(b)] against the Prepetition Secured Lenders with respect to proceeds, product, offspring, or profits of any of the Prepetition Secured Lenders' Collateral."

10.    The United States Trustee objects to this provision to the extent that it affects the Bankruptcy Court's ability to fashion relief as appropriate under § 552(b).

<u>Debtor waived right to surcharge collateral</u>

11.    The United States Trustee objects to any provisions waiving Debtor's or a successor trustee's right to surcharge collateral under 11 U.S.C. § 506(c).  See Interim Order at ¶ 22.

12.    The United States Trustee understands Debtor waived its surcharge rights in exchange for certain concessions.  However, the First Priority Lender is not unreasonably exposed to the surcharge of their collateral.  Secured lenders are typically the primarily beneficiaries of a chapter 11 case.  Furthermore, the party seeking recovery under § 506(c) bears the burden of demonstrating a direct benefit to the lender's collateral.  *New Orleans Public Service, Inc. v. First Federal Savings and Loan Association of Warner Robins, Georgia (In re Delta Towers),* 924 F.2d 74, 76 (5th Cir. 1991).  The parties should be required to demonstrate to the Court why the § 506(c) waiver is necessary given that the First Priority Lender would not be prejudiced if this right were not waived.

<u>Creditors should not be constrained from enforcing equitable doctrine of marshaling</u>

13.    The Final Order would prevent any party from asserting the equitable doctrine of marshaling against the First Priority Lender. Interim Order ¶ 30.  The United States Trustee objects to this provision for two reasons.

14. First, other creditors may be prejudiced from invoking the doctrine, should cause arise. The doctrine of marshaling is an equitable remedy intended to prevent a secured creditor having more than one source of funds from which to satisfy its debt from "defeat[ing] another creditors, who may resort to only one of the funds." *Sowell v. Fed. Reserve Bank of Dallas, Tex.*, 268 U.S. 449, 456–57 (1925). Waiving this right may decrease funds available to satisfy other creditors in this case.

15. Second, the First Priority Lender's rights would not be unduly prejudiced if creditors retain the right to enforce the doctrine of marshaling. A junior creditor seeking to enforce the doctrine must do so through an adversary proceeding. Bankr. R. 7001; *see also In re El Paso Truck Center, Inc.*, 129 B.R. 109, 112 (Bankr. W.D. Tex. 1991)(declining to apply doctrine in part because junior secured creditor failed to file an adversary proceeding against the senior secured creditor). Nor will courts apply the doctrine if the senior creditor would be prejudiced if forced to satisfy its debts from other funds. *Id.* (citations omitted). The First Priority Lender already has sufficient procedural and substantive protections under the law without requiring waiver of this right altogether.

<u>Final Order prohibits finding of First Priority Lender as control or responsible person</u>

16. Interim Order ¶ 38 limits First Priority Lender's liability from any future findings that it has acted as a control or responsible person, or otherwise finding that it has any fiduciary duty to "Debtor, its respective creditors, shareholders or estates."

17. The United States Trustee objects to this provision to the extent that it limits the rights of third parties or the Court to make such findings, especially since causes of action related to these issues typically arise from enforcement actions brought by governmental units. For example, secured creditors with a security interest in goods may be held liable for the manufacturer's

violation of the Fair Labor Standards Act.  *See, e.g., Citicorp Industrial Credit, Inc. v. Brock,* 483 U.S. 27, 37-38 (1987)(holding that the definition of "person" under § 215(a) of the Fair Labor Standards Act includes holders of collateral pursuant to a security agreement); 29 U.S.C. § 215(a). Similarly, the "controlling person" doctrine arises from the Securities Act, which sets forth provisions governing the liability of "controlling persons and persons who aid and abet violations" of the Securities Act.  *See, e.g.,* 15 U.S.C. § 78t.

18. Furthermore, given that Debtor is a privately held company that anticipates selling most of its assets through a § 363 sale, the Primary Secured Lender's exposure to liability on these matters appears negligible.  The Primary Secured Lender should be required to explain to the Court why it needs these protections.

## Conclusion

The United States Trustee respectfully requests that the Court sustain his objections.  The United States Trustee requests any additional relief to which he may be entitled.

DATED: November 13, 2020            Respectfully submitted,

WILLIAM T. NEARY
UNITED STATES TRUSTEE

*/s/ Erin Marie Schmidt*
Erin Marie Schmidt
Trial Attorney
Texas State Bar No. 24033042
Office of the United States Trustee
1100 Commerce Street, Room 976
Dallas, Texas  75242
(214) 767-1075
Erin.Schmidt2@usdoj.gov

## Certificate of Service

      I certify that copies of the foregoing document on November 13, 2020 via ECF to those parties requesting service via ECF in this case.

                                              */s/ Erin Marie Schmidt*
                                              Erin Marie Schmidt